IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAROLD L. STALEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 1:24-cv-141-ECM |
| | ) [WO] |
| CITY OF ELBA, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On February 5, 2025, the Magistrate Judge entered a Recommendation (doc. 28)[1] in this case recommending that the Defendants' motion to dismiss (doc. 13) be granted and the Plaintiff's complaint be dismissed in its entirety. (Doc. 28 at 45). In the alternative, the Recommendation contemplated that the Plaintiff "be afforded an opportunity to file an amended complaint." (*Id.*). To date, no formal objections to the Recommendation have been filed. During the fourteen-day objection period, the Plaintiff sought leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (*See* doc. 29). Upon an independent review of the file and consideration of the Recommendation, the Court concludes that the Recommendation is due to be adopted with modifications. Specifically, the Recommendation is due to be adopted to the extent the Magistrate Judge recommended that the Plaintiff "be afforded an opportunity to file an amended complaint." (Doc. 28 at

---

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

45). Accordingly, the Court concludes that the Plaintiff's motion for leave to file an amended complaint (doc. 29) is due to be GRANTED. Because an amended complaint supersedes the original complaint, the Defendants' motion to dismiss (doc. 13) is due to be DENIED as moot.

## II. BACKGROUND

On February 29, 2024, the Plaintiff filed suit against the Defendants in this Court for claims stemming from his "employment as Chief of Police for the City of Elba and his subsequent termination therefrom." (Doc. 1 at 2, para. 10). On May 29, 2024, the Defendants moved to dismiss the Plaintiff's complaint in its entirety. (Doc. 13). The parties fully briefed the motion to dismiss before the Magistrate Judge issued the Recommendation on February 5, 2025. (*See* docs. 24 & 27). Neither party filed formal objections during the fourteen-day period following the issuance of the Recommendation. On February 19, 2025, the Plaintiff sought leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (*See* doc. 29). The Defendants oppose the Plaintiff's motion for leave to amend the complaint. (*See* doc. 30). The Plaintiff's motion for leave to amend the complaint is now before the Court.

## III. DISCUSSION

The Court has carefully reviewed the Recommendation and the entire record. The Court ultimately concludes that the Recommendation is due to be adopted to the extent the Magistrate Judge recommended that the Plaintiff be afforded an opportunity to file an amended complaint.

The Magistrate Judge makes two recommendations regarding the disposition of the Defendants' motion to dismiss. First, the Magistrate Judge recommends that the Defendants' motion to dismiss be granted and the Plaintiff's complaint be dismissed in its entirety. (Doc. 28 at 45). Second, the Magistrate Judge contemplates that the Plaintiff "be afforded an opportunity to file an amended complaint." (*Id.*). For the reasons stated below, the Court finds the Magistrate Judge's second path—allowing the Plaintiff to amend the complaint—is appropriate.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint "should [be] freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). "Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, . . . a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) (en banc). "[U]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (alteration in original) (quoting *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989)).

Here, the Plaintiff sought leave to amend before the entry of final judgment, before discovery has commenced, and before a Uniform Scheduling Order has been entered. The Plaintiff's proposed amended complaint significantly narrows the scope of the litigation. (*See generally* doc. 29-1). The Eleventh Circuit has "long expressed [its] 'strong policy of determining cases on their merits' when reasonably possible." *Perez v. Wells Fargo N.A.*,

3

774 F.3d 1329, 1339 (11th Cir. 2014) (quoting *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam)). Federal Rule of Civil Procedure 15(a)(2) and the Eleventh Circuit's preference that cases be decided on the merits counsel in favor of allowing the Plaintiff to amend the complaint.[2] Adopting the Recommendation to the extent it affords the Plaintiff an opportunity to amend, and granting the Plaintiff's motion for leave to amend, follows this preference. The Plaintiff's proposed amended complaint renders the Defendants' motion to dismiss the original complaint moot. *See e.g.*, *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

Therefore, the Recommendation is due to be adopted, as modified by this Memorandum Opinion, to the extent the Magistrate Judge recommended the Plaintiff be afforded an opportunity to amend the complaint.

## IV. CONCLUSION

On February 5, 2025, the Magistrate Judge entered a Recommendation (doc. 28) to which no timely objections have been filed. Now pending before the Court is the Plaintiff's motion for leave to amend the complaint. (Doc. 29). Upon an independent review of the file, the Recommendation, and the Plaintiff's motion for leave to amend the complaint, it is

ORDERED as follows:

---

[2] Even if the Plaintiff's complaint was dismissed in its entirety, because no final judgment has been entered, the Plaintiff would be permitted to "move the court for leave to amend, and such amendments should be granted liberally[.]" *Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984).

4

1. The Recommendation of the Magistrate Judge (doc. 28) is ADOPTED, as modified, to the extent the Plaintiff be afforded an opportunity to amend the complaint.

2. The Plaintiff's motion for leave to amend the complaint (doc. 29) is GRANTED.

3. The Plaintiff shall file an amended complaint as a separate docket entry no later than **April 3, 2025**.

4. The Defendants' motion to dismiss (doc. 13) is DENIED as moot.

5. This case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 27th day of March, 2025.

                           /s/ Emily C. Marks  
                          EMILY C. MARKS  
                          CHIEF UNITED STATES DISTRICT JUDGE